NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WHITSERVE, LLC,**
*Plaintiff-Appellee,*

v.

**COMPUTER PACKAGES, INC.,**
*Defendant-Appellant.*

---

2011-1206

---

Appeal from the United States District Court for the District of Connecticut in case no. 06-CV-1935, Judge Alfred V. Covello.

---

**ON MOTION**

---

Before MOORE, *Circuit Judge.*

**ORDER**

Computer Packages, Inc. (CPi) submits a motion to stay execution of the judgment.

On January 21, 2011, the United States District Court for the District of Connecticut entered an order stating that CPi was ordered to "pay forthwith" the $8,378,145 jury verdict. CPi appealed the order and the

underlying judgment. The order stated that "[i]f the defendant fails to do so within thirty days, the court may enjoin the defendant from operating its business until such time as the verdict is satisfied." CPi states that it obtained a bond to stay execution of the judgment. On February 11, 2011, CPi asked the district court for approval of the bond so that execution of the judgment would be stayed pursuant to Fed. R. Civ. P. 62(d) (a stay of the judgment "takes effect when the court approves the bond."). The district court has not yet acted on the request to approve the bond. CPi states that it is concerned that it "may be in contempt of the district court's January 21, 2010 order . . . before its motion to stay is heard" by the district court.

Pursuant to Fed. R. App. P. 8, a party must ordinarily first move in the district court for approval of a supersedeas bond before asking a court of appeals for such relief. A party may also ask this court for the same relief if it has asked the district court for relief and the district court either "denied the motion or failed to afford the relief requested." Fed. R. App. P. 8(a)(2)(A)(ii). Because the district court is in a better position to first review the adequacy of the bond, we deem it appropriate to temporarily stay any judgment enforcement proceedings, pending the district court's action on the motion to approve the bond.

Accordingly,

IT IS ORDERED THAT:

Judgment enforcement proceedings are temporarily stayed, pending the district court's action on the motion to approve the bond. CPi should promptly inform this court when the district court acts on its motion to approve the bond.

FOR THE COURT

FEB 1 8 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Christopher H. Strate, Esq.
    John A. Krause, Esq.

s8

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 1 8 2011

JAN HORBALY
CLERK